[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a memorandum of decision on the issue of the civil penalty to be imposed, if any. The court has previously ruled concerning the willful violation part of the statute and now addresses the problem under 8-12, of a civil penalty.
The court feels compelled to address the issue raised in the brief of the town concerning the economic cost of this action being placed on the town. The town indicates that has incurred $2,000.00 in attorney's fees and court costs and "it is the defendants who wrongfully placed their fence on town property, yet the economic cost of their individual actions are being placed collectively on the tax payers of the town of Weston. This is patently wrong."
In an automobile speeding case, the town expends funds for the arrest of speeders by using town police vehicles to make the apprehension, by the town buying radar equipment to make the apprehension, by the town providing a salary to a police officer to make the apprehension, and when the summons is issued, the fine is paid to the state of Connecticut not to the city, not to the town of Weston. The burglar who causes the detective CT Page 553 division to spend hundreds of hours of their time seeking the apprehension of the defendant, has his case brought to the courts and any fine imposed is paid to the State of Connecticut. People who have no children in the public schools still pay for the cost of education of other's children. It makes no difference whether one has no children in the school system or 10 children in the school system, the taxes are determined independent of that.
Municipalities are there to provide services for their citizens and it is a proper function of government to provide these services and not all services are pay as you go. I suppose the argument could be made that if there was a cost incurred by the town, the citizens who directly benefited from the removal of the fence and hedges should be prorated the respective amounts incurred by the city and paid by them. This of course does not happen.
The court finds that the Town of Weston and its agents and attorneys acted properly in seeking the Cease and Desist Order and enforcing it.
Accordingly, the court has discounted that aspect of this case in assessing a proper civil penalty. The court after having heard all the evidence and having reviewed the brief of the plaintiff and the defendant, finds that there has been a civil violation of the Cease and Desist order.
The court in imposing its penalty has taken into consideration the nature of the offense which it considers to be an insignificant violation when one considers that the purposes of zoning are for public health, safety and welfare. The court heard no testimony that there was any public health, safety or welfare problems other than a location violation of the fence and the shrubbery. The court has also taken into consideration that this was brought to the attention of the town by neighbors and not initiated by the town on their own. The court has also considered that fact that the defendants put in the fence and removed it themselves. The court has also taken into consideration the fact that the maximum penalty shall not exceed $2,500.00 per the statute. Having taken into consideration all of those factors in addition to the factors presented at the trial, the court imposes a civil penalty of $250.00 (Two Hundred and Fifty) dollars to be paid forthwith by the defendants to the Treasurer of the Town of Weston. CT Page 554
KARAZIN, J.